Matter of Terry v Thomas (2019 NY Slip Op 03602)





Matter of Terry v Thomas


2019 NY Slip Op 03602


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-00132
 (Index No. 2047/16)

[*1]In the Matter of Thomas L. Terry, respondent,
v
Richard Thomas, etc., et al., appellants.


Coughlin & Gerhart, LLP, Binghamton, NY (Paul J. Sweeney of counsel), for appellants.
Elefante & Persanis, LLP, Eastchester, NY (Matthew Persanis of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, Richard Thomas and Stephanie Vanderpool appeal from an interlocutory judgment of the Supreme Court, Westchester County (Susan Cacace, J.), dated December 9, 2016. The interlocutory judgment granted that branch of the petition which was to annul a determination of Richard Thomas, in his capacity as Mayor of the City of Mount Vernon, made without a hearing, to terminate the petitioner's employment as the Commissioner of Assessment and Taxation of the City of Mount Vernon and remitted the matter to the New York State Department of Taxation and Finance for a hearing to determine whether the petitioner complied with the certification requirements for assessors.
ORDERED that the interlocutory judgment is affirmed, with costs.
In February 2015, the petitioner, Thomas L. Terry, was appointed by the then Mayor of the City of Mount Vernon, Ernest Davis, to the position of Commissioner of Assessment and Taxation of the City of Mount Vernon (hereinafter the Commissioner), for a term of six years. The petitioner continued to serve in that capacity through the end of Davis's term and the commencement of the term of the successor mayor, Richard Thomas (hereinafter the Mayor), on January 1, 2016. By letter dated January 5, 2016, the Mayor advised the petitioner that he was being suspended with pay, pending a hearing, due to his failure to comply with the certification requirements for assessors. By letter dated January 25, 2016, the petitioner, through counsel, advised the Mayor that the petitioner had completed a one-day seminar for which he received certification credits and requested that proof of same be forwarded by the Mayor to the New York State Department of Taxation and Finance (hereinafter NYSDTF). The next day, the petitioner's counsel forwarded to the Mayor additional material verifying the petitioner's attendance at training and orientation seminars on May 6, 2015, and January 26, 2016. By letter dated January 26, 2016, the Mayor advised the petitioner that his employment was being summarily terminated because he failed to meet the certification requirements for assessor.
The petitioner commenced this proceeding to review the Mayor's determination to terminate his employment, contending that his employment could not be terminated by the Mayor without a hearing upon notice with an opportunity to be heard. In the alternative, the petitioner [*2]sought to compel the Mayor to reinstate him as the Commissioner. The respondents raised various affirmative defenses and argued that the Mayor was empowered to summarily terminate the petitioner's employment, as his status as an at will employee obviated the need to afford him a pretermination hearing or a showing of cause. The Supreme Court granted that branch of the petition which was to annul the Mayor's determination, made without a hearing, to remove the petitioner as the Commissioner, and remitted the matter to the NYSDTF for a hearing to determine whether the petitioner complied with the certification requirements for assessors.
We agree with the Supreme Court's determination that the Mayor's removal of the petitioner from his position was effectuated in violation of Article IV, § 27 of the Charter of the City of Mount Vernon.
Article IV, § 27 of the Charter of the City of Mount Vernon provides: "Except as otherwise provided by law or herein otherwise specified, all appointive officers except the Commissioner of Assessment and Taxation, may be removed from office by the officer or board making the appointment. The Commissioner may be removed in accordance with the provisions of § 1522 of the Real Property Tax Law" (Art IV, § 27, Charter of the City of Mount Vernon). Thus, the Mayor is vested with the authority to terminate the employment of all appointive officers of the City without cause or a hearing except for the Commissioner, whose removal may only be effectuated pursuant to section 1522 of the Real Property Tax Law. In 1984, RPTL 1522 was repealed and replaced with RPTL 310, and, as such, the Supreme Court correctly determined that RPTL 310 governed the process by which the petitioner could be removed from office.
RPTL 310 provides that a local government "has the power to assess real property for purposes of taxation and shall have one assessor," that the term of office of the assessor "shall be six years except as otherwise provided in subdivision seven of this section," and that the assessor must successfully complete certain certification and continuing education requirements (see RPTL 310[1], [2], [5]). RPTL 322 provides, inter alia, that the New York State commissioner of taxation and finance (see RPTL 105[5-a]), "shall conduct a hearing upon notice to the assessor" where it appears that the assessor has failed to comply with the certification requirements of that position (RPTL 322[1]). RPTL 322(2) further provides that, if, "after such hearing, the [New York State commissioner of taxation and finance] finds that an assessor has failed to comply with any applicable requirements as stated in division one of this section, the appointment of that assessor shall be revoked if appointive." Thus, we agree with the Supreme Court's determination that a hearing before the NYSDTF was necessary to determine whether the petitioner complied with the certification requirements for assessors. 
The appellants' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant that branch of the petition which was to annul the Mayor's determination, made without a hearing, to remove the petitioner as the Commissioner, and to remit the matter to the NYSDTF for a hearing to determine whether the petitioner complied with the certification requirements for assessors.
DILLON, J.P., AUSTIN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court